IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DANNY PROPHET,

    Petitioner,                               No. CIV S-06-2160 MCE CMK P

    vs.

WARDEN CLAY,                                   ORDER AND

    Respondent.                         FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

1

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  Petitioner indicates that his direct review in the California Supreme Court is still pending.  (Pet. ¶ 9(e)(2).)  He appears to states that he has received no result in his petition for habeas relief submitted to the California Supreme Court.  (Pet. ¶ 11(6).)  The claims have not been presented to the California Supreme Court.  A search of the California Appellate Courts' website reveals that petitioner filed a habeas appeal in the California Supreme Court on October 5, 2006 and October 31, 2006.  See http://appellatecases.courtinfo.ca/gov.  Further, there is no allegation that state court remedies are no longer available to him.  Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Findings and Recommendations."  The petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 9, 2006.

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

2